UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSAMERICA LIFE
INSURANCE COMPANY,

        Plaintiff,

v.

JANICE E. GADSON,
JELISA J. GADSON,
RICARDO L. WILSON and
THE ESTATE OF JOHNNY
LENARD GADSON,

        Defendants.
_____/

Case No. 4:16-cv-10791
Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART and DENYING IN PART PLAINTIFF'S MOTION (DE 30) and PERMITTING BOTH PLAINTIFF'S CORPORATE REPRESENTATIVE and DEFENDANT RICARDO L. WILSON TO PARTICIPATE TELEPHONICALLY**

      Plaintiff filed this complaint in interpleader against four defendants: (1) the Estate of Johnny Lenard Gadson ("the insured"), (2) Janice E. Gadson, (3) Jelisa J. Gadson and (4) Ricardo L. Wilson. (DE 1.) Jelisa J. Gadson and the Estate of Johnny Lenard Gadson have filed a counter-complaint against Transamerica and a cross-complaint against Wilson. (DE 10.) On July 13, 2016, Judge Parker entered an order (DE 29) granting Transamerica's motion for default judgment as to Janice Gadson (DE 25). Thus, only three (3) defendants remain in this case.

Judge Parker has referred this case to me to conduct a settlement conference, which has been noticed for August 25, 2016. (DEs 19, 26.) Currently before the Court is Transamerica's July 28, 2016 motion to have its corporate representative excused from the settlement conference, or, in the alternative, for permission to have its representative participate telephonically. (DE 30.) Judge Parker has referred this motion to me for hearing and determination. (DE 31.)

On August 1, 2016, my courtroom deputy called Defendant Wilson, who is representing himself, and he did not have any objection to Transamerica's corporate representative participating telephonically. Moreover, on the same date, the Court was informed via email by both counsel for Transamerica (Moheeb H. Murray) and counsel for Jelisa J. Gadson and the Estate of Johnny Lenard Gadson (Andrew J. Black) that they do not object to Mr. Wilson participating by phone, as he lives out-of-state.

Accordingly, Transamerica's July 28, 2016 motion (DE 30) is **DENIED** to the extent it seeks to be excused from having its corporate representative participate in the settlement conference but is **GRANTED** to the extent it seeks permission for its corporate representative to participate, as needed, telephonically. Specifically, Transamerica's corporate representative **SHALL** *be available* by telephone from the settlement conference's inception (currently scheduled for August 25, 2016 at 10 a.m.) through its duration, although he or she need not

actually participate unless and until the Court requires it.  Transamerica's legal counsel **SHALL** still appear in person.

Additionally, Defendant Wilson is **PERMITTED** to and **SHALL** participate by phone from the beginning of the settlement conference (currently scheduled for August 25, 2016 at 10 a.m.) and throughout the course of the conference, as needed.  Furthermore, Defendant Wilson **SHALL** inform the Court, in writing, if the telephone number at which he will be available is anything other than his current telephone number of record (334-233-6154).

Finally, the parties' attention is **DIRECTED** to my practice guidelines on settlement conferences, which are available online at www.mied.uscourts.gov.

**IT IS SO ORDERED.**

Dated: August 3, 2016                 s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the document was sent to parties of record on August 3, 2016, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Anthony P. Patti

3